IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERI S. LOGAN and ) <br> ) <br> MARY E. MYERS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ABSOLUTE DRUG DETECTION ) <br> SERVICES, INC., ) <br> ) <br> CHAUNCEY B. THUSS, JR., and ) <br> ) <br> EMPLOYMENT SCREENING ) <br> SERVICES, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. : <br> JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the plaintiffs, Teri S. Logan and Mary E. Myers, and for their complaint against the defendants, Absolute Drug Detection Services, Inc., Chauncey B. Thuss, Jr., and Employment Screening Services, Inc. say as follows:

### I. NATURE OF THE CASE

1.  This is an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. (hereinafter the "Fair Labor Standards Act" or "FLSA"). Plaintiffs seek

1

payment for unpaid time and liquidated damages that they were deprived of due to defendants' violations of the Fair Labor Standards Act. Plaintiffs also seek a reasonable attorney fee and costs pursuant to 29 U.S.C. §216(b). Plaintiffs also allege Alabama state law breach of contract claims.

## II. JURISDICTION

2. Count I of this action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b). Jurisdiction is based on 28 U.S.C. § 1331, (federal question). Supplemental jurisdiction of the Court for the state law claims in Count II is based on 28 U.S.C. § 1367.

## III. VENUE

3. All parties are located within the Northern District of Alabama, Southern Division. Further the acts complained of took place within this District and Division, therefore, proper venue for this action lies within the Northern District of Alabama, Southern Division based on 28 U.S.C. §1391(b).

## IV. PARTIES

4. Plaintiffs, Teri S. Logan (hereinafter "Logan") and Mary E. Myers (hereinafter "Myers"), are former employees of defendants, Absolute Drug Detection Services, Inc. (hereinafter "ADDS"), Chauncey B. Thuss, Jr. (hereinafter "Thuss"), and Employment Screening Services, Inc. (hereinafter "ESS"). Plaintiffs were employees within the meaning of the FLSA, 29 U.S.C. §203(e)(1). Logan is an adult

resident citizen of Jefferson County, Alabama and Myers is an adult resident citizen of Saint Clair County, Alabama.

5.      Defendants ADDS, ESS, and Thuss were employers of the plaintiff within the meaning of 29 U.S.C. §203(d), (a), §206(a)(1), and §207(a)(1) of the FLSA.

6.      Thuss is the owner of defendant ADDS. Thuss managed as well as owned the ADDS office where the events which form the basis of plaintiffs' claims occurred, and is the alter ego of defendant ADDS.

7.      Defendants ADDS and ESS are Alabama corporations, incorporated in Jefferson County, doing business in Alabama, and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, defendants ADDS and ESS operate specimen collection and testing for substance abuse businesses.

## V. FACTUAL ALLEGATIONS

8.      Plaintiff, Teri S. Logan, worked for defendant ADDS from about September 2000 to September 26, 2008 as an administrative assistant.

9.      As administrative assistant Logan did billing paperwork, assisted the medical resource officer, and provided guidance to other employees, however, she did not perform evaluations of other employees nor was she authorized to sign checks for ADDS.

10. Logan was also responsible for the after hours calls, which consisted of being on call from 5:01pm to 7:59am.

11. Logan was compensated $50.00 per week for being on call plus, if she had to respond to a call, she was paid mileage and $40.00 per test.

12. Logan received approximately $1,596.00 biweekly plus varying amounts for on call work.

13. Plaintiff, Mary E. Myers was a receptionist and clerk for defendant ADDS from about April 9, 1998 to September 26, 2008.

14. Myers was responsible for answering phones, setting appointments, greeting customers, filing, and she worked overtime cleaning the office two nights per week.

15. Myers also worked an additional hour per week on average of overtime filing before her work day started for which she was not compensated.

16. Around December 2006 defendant ADDS re-categorized Myers from an hourly employee to a salaried employee.

17. Myers' job title and job duties did not change when she was re-categorized by defendant ADDS from an hourly employee to a salaried employee.

18. Myers was told that when she became a salaried employee she no longer qualified for overtime.

4

19. Myers received $1,269.23 biweekly from ADDS for her work, plus an additional $100.00 per week for her cleaning job.

20. Defendant, Chauncey B. Thuss, Jr. was the owner and manager of ADDS and an employer of the plaintiffs.

21. Sheila Benson (hereinafter "Benson") is the owner of ESS.

22. ESS purchased ADDS sometime in 2008.

23. On or about September 24, 2008, the plaintiffs were told in a meeting that effective immediately ESS would be managing all of ADDS' accounts.

24. On or about September 24, 2008, Benson and Kevin Wade, who was the director for ESS, spoke to each plaintiff individually and asked them if they intended to stay with ESS, or if they were going to leave and go to work for Analytical Testing Group (hereinafter "ATG"), which was a newly formed competitor of ESS which was led by a former employee of ADDS.

25. Logan and Myers each told Benson they would have to think about whether they were going to work for ESS and get back with her.

26. Kay Troupe (hereinafter "Troupe") was the ESS Manager who took over the operation of the ADDS office where the plaintiffs worked on or about September 25, 2008.

27. Troupe acted directly or indirectly in the interests of ESS, ADDS, and/or Thuss in relation to the plaintiff employees.

28. On September 26, 2008, Logan and Myers each informed Troupe that they were not going to continue working for ESS.

29. September 26, 2008 was a pay day for Logan and Myers, but they did not receive their pay checks, but were instead told by Troupe that Dr. Thuss would mail them their pay checks.

30. However, other employees were hand delivered their pay checks by Troupe on September 26, 2008.

31. By October 13, 2008, Logan and Myers still had not received their pay checks in the mail.

32. Thuss and, upon information and belief, Troupe each had the authority to have the plaintiffs paid for their subject unpaid work.

33. Both Thuss and Troupe knew the plaintiffs were due to be paid for their last three weeks of work at ADDS and ESS.

34. On or about October 13, 2008, Logan sent a letter to Troupe and Thuss in which she stated that she and Myers still had not received their pay checks and this was causing a financial burden on them.

35. Troupe and Thuss never responded to the letter that Logan sent them, and Logan and Myers still have not received the pay checks they are due.

36. Logan and Myers are each owed for three weeks of work for which they were paid nothing by the defendants.

37. Logan was also not paid vacation pay for three days not used and not paid $270.00 for after hours work.

38. Myers was also not paid for one and a half weeks of vacation pay not used and not paid $100.00 for one week of cleaning.

39. Logan and Myers each worked forty hours or more per week for each of the three weeks that they were not paid, and since they were paid nothing for this time they each received less than the federal minimum wage for each of the hours they worked.

40. During their subject employment, the plaintiffs did not have the authority to hire or fire fellow employees.

41. The plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

42. During their employment, plaintiffs were employees who were engaged in commerce.

43. Plaintiffs were employed in an enterprise engaged in commerce or in the production of goods for commerce.

44. The Defendants willfully failed to comply with the minimum wage hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to minimum wages for the last three weeks that the plaintiffs worked for the defendants.

45. Defendants willfully failed to compensate plaintiffs at a rate of one and one-half times the plaintiff's regular hourly rates for all hours worked in excess of 40 hours during the plaintiffs' employment.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

46. Plaintiffs adopt and re-allege each and every allegation contained in this Complaint as if set out herein, anew.

47. Defendants willfully failed to compensate plaintiffs at the minimum wage for all hours worked during the plaintiffs' employment.

48. Defendants also willfully failed to compensate plaintiffs at a rate of one and one-half times the plaintiff's regular hourly rates for all hours worked in excess of 40 hours during the plaintiffs' employment.

49. Plaintiffs are not exempt from the protections afforded them by the Fair Labor Standards Act per 29 CFR Part 541.

50. Defendants, by such failure, willfully violated the minimum wage provisions of the Fair Labor Standards Act 29 U.S.C. § 206(a), (b).

51. Defendants, by such failure, willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 207.

WHEREFORE, plaintiffs request this Court enter judgment in favor of the plaintiffs and against defendants, for:

(1) all amounts of minimum wages that the plaintiffs should have received under the Fair Labor Standards Act but for Defendants' willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) subject only to the three year statute of limitations of 29 U.S.C. 255(a);

(2) all amounts of overtime wages that plaintiffs should have received under the Fair Labor Standards Act but for Defendants' willful violation of their rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) subject only to the three year statute of limitations of 29 U.S.C. 255(a);

(3) interest; and

(4) all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## COUNT II
## BREACH OF CONTRACT

52. Plaintiffs adopt and re-allege each and every allegation contained in this Complaint as if set out herein, anew.

53. An employment contract existed between the plaintiffs and the defendants.

54. The defendants breached their employment contract with the plaintiffs when the defendants failed to pay the plaintiffs for worked performed by them at the agreed upon rates.

WHEREFORE, plaintiffs request this Court enter judgment in favor of the plaintiffs and against defendants, for:

(1) those amounts due and owing pursuant to the contract for employment between the plaintiffs and the defendants;

(2) interest; and

(3) any other relief that the Court may deem appropriate.

### PLAINTIFFS DEMAND TRIAL BY A STRUCK JURY ON ALL CLAIMS SO TRIABLE.

_/s/ Thomas F. Talty_
Thomas F. Talty (ASB-7793-T51T)
Attorney for Plaintiffs
2015 First Avenue North
Birmingham, AL 35203
(205) 458-1111
e-mail: ttalty@bellsouth.net

**PLEASE SERVE DEFENDANTS: ABSOLUTE DRUG DETECTION SERVICES, INC., EMPLOYMENT SCREENING SERVICES, INC., and CHAUNCEY B. THUSS, JR. BY CERTIFIED <u>MAIL RETURN RECEIPT REQUESTED.</u>**

Absolute Drug Detection Services, Inc.
c/o Dr. Chauncey B. Thuss, Jr.
2124 4th Avenue South
Birmingham, Alabama  35233

Employment Screening Services, Inc.
c/o Melissa Kessler Smith
2700 HWY 280 E, Suite 60
Birmingham, Alabama  35223-2444

Dr. Chauncey B. Thuss, Jr.
Gadsden Regional Occupational Health Center
1007 Goodyear Avenue,
Gadsden, Alabama 35903