# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **TERI S. LOGAN and MARY E. MYERS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **Case No.: 2:08-CV-2404-VEH** |
| | ) |
| **ABSOLUTE DRUG DETECTION SERVICES, INC., CHAUNCEY B. THUSS, JR., and EMPLOYMENT SCREENING SERVICES, INC.,** | ) ) ) ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the following motions: (1) Plaintiffs' Motion to Dismiss the Counterclaims and Third Party Claims[1] of Defendants Absolute Drug Detection Services, Inc. ("ADDS") and Chauncey B. Thuss, Jr. ("Thuss") for Lack of Jurisdiction (doc. 9); and (2) Defendant Employment Screening Services, Inc.'s ("ESS") Motion to Dismiss or Alternatively for Summary Judgment (doc. 26). The motions have been fully briefed, and each will be addressed in turn.

---

[1] All third party claims brought by ADDS and Thuss were dismissed without prejudice on April 28, 2009. (doc. 30). Accordingly, Plaintiffs' Motion to Dismiss those claims is due to be **DENIED** as moot.

## I.     Plaintiffs' Motion to Dismiss[2]

### A.     Background

Plaintiffs allege that they worked for Defendant ADDS and Thuss until September 26, 2008.  Plaintiffs claim, *inter alia*, that they were not paid for work performed during the three weeks preceding September 26, 2008, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  Plaintiffs also allege they were each parties to a valid employment contract with ADDS and Thuss, and that those Defendants committed a breach of contract by failing to pay Plaintiffs for work performed.

In their Answer to Plaintiffs' Complaint, ADDS and Thuss admit that (1) a valid employment contract existed; (2) September 26, 2008, was a "pay day"; (3) Plaintiffs have not received their paychecks; and (4) Defendant Thuss has "the authority to have the plaintiffs paid for their work."  (doc. 6, ¶¶ 29, 31, 32, 53).

ADDS and Thuss also brought state law based counterclaims for conversion and breach of contract against Plaintiffs.  Plaintiffs allegedly took "property, customer files, and other confidential property owned by Thuss and ADDS."  (doc. 6, ¶ 24).  That allegation bred the counterclaim for conversion against Plaintiffs.  ADDS and

---

[2] The "facts" discussed in this section omit Plaintiffs' allegations against Defendant ESS.  Those allegations are discussed in Section II, *infra*.

Thuss further allege that Eric Reed,[3] Vice President of Operations and Clinical Director of ADDS, created a competing company, Analytical Testing Group, in September 2008, while he was still employed by ADDS.  According to Thuss and ADDS, Plaintiffs began working for Analytical Testing Group in September 2008 while they were purportedly still employed by ADDS.  ADDS and Thuss aver that, because Plaintiffs were simultaneously employed by ADDS, Thuss, and Analytical Testing Group in September 2008, Plaintiffs breached the terms of their employment contracts with ADDS and Thuss.

## B.    Discussion

Plaintiffs contend this court lacks subject matter jurisdiction over the conversion and breach of contract counterclaims advanced by ADDS and Thuss. Under Federal Rule of Civil Procedure 12(b)(1), a party may move the court to dismiss a case if the court lacks subject matter jurisdiction.

> Attacks on subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) come in two forms. "Facial attacks" on the complaint "require [] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Factual attacks," on the other hand, challenge "the existence of subject

---

[3] All third party claims against Eric Reed were previously dismissed.  (doc. 30).

3

matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*.

These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion-the court must consider the allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). But when the attack is factual,

> the trial court may proceed as it never could under 12(b)(6) or FED. R. CIV. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id*. at 412-13 (quoting *Mortensen*, 549 F.2d at 891).

*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

Because Plaintiffs do not rely on evidence outside the pleadings, their challenge to the court's subject matter jurisdiction over the counterclaims is facial. Accordingly, the court will look only to the pleadings when ruling on the present motion.

ADDS and Thuss, the parties invoking the court's jurisdiction as to the counterclaims at issue, bear the burden of establishing subject matter jurisdiction. *See*

4

*Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Whether the court has supplemental jurisdiction over the counterclaims is determined by 28 U.S.C. § 1367.

Section 1367(a) states:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, <u>the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution</u>. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis supplied).

Insofar as counterclaims are concerned, "[a] permissive counterclaim must have an independent jurisdictional basis, while it is generally accepted that a compulsory counterclaim falls within the ancillary jurisdiction of the federal courts even if it would ordinarily be a matter for state court consideration." *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979).[4] Put another way, this court is required to exercise supplemental jurisdiction over compulsory counterclaims. Accordingly, the relevant inquiry at this juncture is whether the counterclaims asserted against Plaintiffs by ADDS and Thuss are

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

compulsory or permissive. *See* FED. R. CIV. P. 13 (providing the guidelines for compulsory and permissive counterclaims).

A compulsory counterclaim is one that, at the time the responsive pleading is filed, "the pleader has against an opposing party if the claim: (A) arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." FED. R. CIV. P. 13(a). *See also Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) ("Rule 13(a) defines a compulsory counterclaim as any claim that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'"). By contrast, a permissive counterclaim is "any claim that is not compulsory." FED. R. CIV. P. 13(b). The Eleventh Circuit has "adopted the 'logical relationship' test for determining whether a counterclaim was compulsory." *Republic Healthcare Corp.*, 755 F.2d at 1455. "Under this test, there is a logical relationship when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Id.* (quoting *Plant*, 598 F.2d at 1361).

ADDS and Thuss contend that their counterclaims for conversion and breach of contract against Plaintiffs are compulsory because the "allegations that form the

basis of those claims are the same as ADDS['] and Thuss' defense to the FLSA action brought by [Plaintiffs] – that during the time they claim they should have been paid wages, <u>they were no longer working for ADDS and Thuss, but instead were working for Reed and Analytical Testing Group</u>."  (doc. 19, p.3) (emphasis supplied).  The factual basis for that argument stands directly contrary to the Answer and Counterclaim filed by ADDS and Thuss in which they allege that "ADDS employed . . . Myers and Logan during all times pertinent to this complaint."  (doc. 6, p.10). ADDS and Thuss further allege that Plaintiffs began working for Eric Reed and Analytical Testing Group "during" September 2008 and that, while Plaintiffs were <u>contemporaneously</u> employed by ADDS, Thuss, Eric Reed, and Analytical Testing Group, Plaintiffs "began wrongfully taking property, customer files, and other confidential property owned by Thuss and ADDS to a new location . . . ."  (*Id.* at p.12).

ADDS and Thuss cannot have it both ways.  Either they were Plaintiffs' employers for the three weeks prior to September 26, 2008, or they were not.  That issue, however, is not before the court at this time.  For purposes of determining jurisdiction over the counterclaims, and given the inconsistent positions taken by ADDS and Thuss with regard to the facts of this case, the court will look to the unambiguous allegations contained within the Answer and Counterclaim: *i.e.*, that

Plaintiffs were employed by ADDS, Thuss, Eric Reed, and Analytical Testing Group during September 2008. The arguments raised by ADDS and Thuss in their brief opposing Plaintiffs' motion that are contrary to the Answer and Counterclaim will be disregarded. With that in mind, the court now turns to each of the counterclaims.

### 1. Conversion

ADDS and Thuss claim that Plaintiffs "wrongfully converted [their] personal property." (doc. 6, p.13). "To establish conversion, one must present proof of a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." *SouthTrust Bank v. Donely*, 925 So.2d 934, 939 (Ala. 2005) (internal citations, marks, and emphasis omitted). Notably, an employment relationship, or lack thereof, is not an element of a conversion claim under Alabama law.

As discussed above, for purposes of subject matter jurisdiction, the relevant inquiry is whether the counterclaim for conversion is compulsory or permissive. Here, ADDS and Thuss generally state that their conversion counterclaim is compulsory; however, they did not offer any specific argument as to how that counterclaim is logically related to Plaintiffs' claims under the FLSA and for breach

of contract.[5]  Indeed, this court cannot discern such a relationship.  In order to be successful in their counterclaim for conversion, the elements ADDS and Thuss must ultimately prove, and the evidence required to establish that proof, are unrelated to the main thrust of this lawsuit: *i.e.*, that, in violation of the FLSA and contrary to an employment contract with ADDS and Thuss, Plaintiffs were not paid for work they performed.  While it is arguable that the conversion counterclaim bears some vague relationship to the underlying facts of Plaintiffs' claims insofar as the alleged conversion of property occurred while Plaintiffs were employed by ADDS and Thuss, the conversion counterclaim is simply too remote to cause the logical relationship test to be satisfied.  Moreover, the facts of Plaintiffs' claims are immaterial to a claim for conversion.  Stated differently, it is too far of a stretch for this court to find that the counterclaim for conversion is compulsory.  Therefore, the court concludes that the counterclaim for conversion is permissive, and finds that there is no independent basis for federal jurisdiction over that counterclaim.  As such, Plaintiffs' Motion to Dismiss is due to be **GRANTED** as to the conversion counterclaim asserted by ADDS and Thuss.

## 2. Breach of Contract

---

[5] In opposition to Plaintiffs' motion, ADDS and Thuss focused their specific arguments on their counterclaim for breach of contract.

Turning to the counterclaim for breach of contract, that counterclaim is sufficiently linked to the core facts of Plaintiffs' claims such that it is compulsory. Also, the interests of justice are best served by this court exercising supplemental jurisdiction over that counterclaim.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). In the present case, it has been alleged and admitted by Plaintiffs, ADDS, and Thuss that there is a binding contract between each Plaintiff and ADDS and Thuss. Plaintiffs assert that they performed under the terms of the contracts by working for ADDS and Thuss during the three weeks prior to September 26, 2008, and that those Defendants breached the contracts by failing to pay Plaintiffs for the work done. ADDS and Thuss contend that Plaintiffs were simultaneously working for ADDS and a competitor during that same time period, which allegedly constitutes a breach of contract by Plaintiffs. Plaintiffs, ADDS, and Thuss have sufficiently alleged damages.

The breach of contract counterclaim involves the same operative facts as those that form the basis of Plaintiffs' breach of contract claim. Both the breach of contract claims and counterclaims appear to require an interpretation of the same employment

10

contracts.  Moreover, the question of whether Plaintiffs were employed by ADDS and Thuss during September 2008 is material to Plaintiffs' claims and the breach of contract counterclaim.  In consideration of the foregoing, the logical relationship test is satisfied.  Therefore, the court finds that the breach of contract counterclaim is a compulsory counterclaim and that this court has ancillary subject matter jurisdiction over it.  As such, Plaintiffs' Motion to Dismiss the breach of contract counterclaim is due to be **DENIED**.

## II.   Defendant ESS's Motion to Dismiss or Alternatively for Summary Judgment

ESS seeks either a dismissal of or summary judgment as to Plaintiffs' claims. As an initial matter, the request by ESS to have its Motion to Dismiss be treated as one for Summary Judgment is **DENIED**.  Consequently, the court has not considered any of the evidentiary submissions of the parties with regard to ESS's motion.[6] The motion will be treated as a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint.  *See* FED.

---

[6] The bulk of the arguments made by ESS rely on evidence.  ESS contends that the evidence shows that it did not, as Plaintiffs allege, purchase or own an interest in ADDS.  Based on that fact, ESS argues that it was not Plaintiffs' employer.  Because that argument relies on facts that are directly contrary to the allegations of Plaintiffs' Complaint, the court has not considered the argument when ruling on the present motion.  In other words, the court expresses no opinion as to that argument at this juncture.

R. CIV. P. 12(b)(6).  The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *as abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also* FED. R. CIV. P. 8(a).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement

to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *see United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff.  *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

Following the principles announced in *Twombly* and elaborated upon in *Ashcroft*, the Court follows a two-pronged approach.  First, the Court begins by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," since "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 129 U.S. at 1950.  Assuming that a claim is supported by "well-pleaded factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement to relief."  *Id.*

A.    **Plaintiffs' FLSA claim against ESS**

As to Plaintiffs' FLSA claim, the factual allegations of Plaintiffs' Complaint concerning ESS are straightforward enough.  According to Plaintiffs, they were employed by Defendants ADDS, Thuss, and ESS from September 24-26, 2008.[7]

---

[7] Plaintiffs allege that they were simultaneously employed by all Defendants between September 24-26, 2008.

Plaintiffs contend that ESS purchased ADDS in 2008.   In a meeting held on September 24, 2008, Plaintiffs were told that ESS would immediately begin managing all of ADDS's accounts.   That same day, Plaintiffs were asked by an employee of ESS if they intended to remain employed by ESS or if they planned to go to work for Analytic Testing Group.   The following day, Kay Troupe, an "ESS Manager," assumed control over the operations of the ADDS office where Plaintiffs were employed.   On September 26, 2008, Plaintiffs each informed Troupe that they would not continue to work for ESS.   September 26, 2008, was a pay day.   Troupe allegedly told Plaintiffs that Defendant Thuss would mail them their checks.   Troupe, however, hand delivered paychecks to other employees.   As mentioned above, Plaintiffs never received a paycheck for work they performed during the three weeks prior to September 26, 2008.

Those facts form the basis of Plaintiffs' FLSA claim against ESS.   The court finds that the pleadings are not conclusory or vague with regard to Plaintiffs' FLSA claim and will, accordingly, assume the veracity of Plaintiffs' version of the facts for purposes of ESS's Motion to Dismiss.   *See Ashcroft*, *supra*.

ESS argues that the FLSA claim against it should be dismissed because ESS was not Plaintiffs' employer.   Plaintiffs respond that ESS was their joint employer for three days: from September 24 - 26, 2008.

14

"The determination of employment status under the FLSA is a question of law." *Brouwer v. Metropolitan Dade County*, 139 F.3d 817, 818 (11th Cir. 1998); *see also Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (same).   Under the FLSA, an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C. § 203(d).   The FLSA requires that only an employer is liable for paying overtime wages.  *See* 29 U.S.C. § 207(a).   An employee can have more than one employer simultaneously, thereby giving rise to a joint-employer situation. *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996).

The court must consider "the total employment situation" when determining whether an entity qualifies as an employer under the FLSA.  *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995).[8]  "In particular, the court [must ponder], *inter alia*,: [1] whether or not the employment took place on the premises of the alleged employer; [2] how much control did the alleged employer exert on the employees; and, [3] did the alleged employer have the power to fire, hire, or modify the employment

---

[8] *Welch* is an Equal Pay Act case.  Nevertheless, it states the proper test for determining whether an entity is a plaintiff's employer for purposes of the FLSA.  The Equal Pay Act is simply an extension of the FLSA and incorporates the FLSA's definition of "employer." *See Corning Glass Works v. Brennan,* 417 U.S. 188, 190, 94 S.Ct. 2223, 2226, 41 L.Ed.2d 1 (1974) (noting that the Equal Pay Act of 1963, 77 Stat. 56, § 3, merely "added to § 6 of the Fair Labor Standards Act of 1938 the principle of equal pay for equal work regardless of sex").

condition of the employees?" *Id.* (quoting *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)) (marks omitted).

Notably, ESS does not acknowledge the three *Welch* factors.  Instead, it urges this court to find that ESS is not Plaintiffs' employer by considering the eight factors discussed in *Tafalla v. All Florida Dialysis Services, Inc.*, No. 07-80396-CIV, 2009 WL 151159, at *5 (S.D. Fla. Jan. 21, 2009).  The district court in *Tafalla* noted that

> The Eleventh Circuit has identified the following factors for courts to consider in making the determination that an individual employee is economically dependent upon, and therefore employed by another entity: (1) the nature and degree of control of the alleged joint employer over the employee; (2) the degree of supervision over work, either direct or indirect; (3) the right to hire, fire or modify the employment conditions; (4) the power to determine the workers' pay or method of payment; (5) the preparation of payroll and payment of wages; (6) the ownership of facilities where the work occurred; (7) the performance of a job integral to the business and (8) the relative investment in the equipment and facilities.

*Id.* (citing *Antenor v. D&S Farms*, 88 F.3d 925, 929 (11th Cir. 1996)).

There are two reasons why this court will not look to the *Tafalla* factors.  First, ESS represented that *Tafalla* is binding case law handed down by the Eleventh Circuit Court of Appeals.  (doc. 27, p.9).  It is, in fact, an unpublished decision rendered by a district court.  ESS is cautioned against misrepresenting the origin of case law to this court in the future.  Decisions by district courts are not binding on this court, which leads to the second reason *Tafalla* is not helpful here.  This court is

16

not persuaded that *Tafalla* states the correct factors to be applied when determining whether an entity is an employer in an FLSA case.  The factors articulated in *Tafalla* are gleaned from the test employed by the Eleventh Circuit in cases brought simultaneously under the FLSA and the Migrant and Seasonal Agricultural Worker Protection Act ("MSAWPA").  *See*, *e.g.*, *Antenor*, 88 F.3d at 929; *Aimable v. Long and Scott Farms*, 20 F.3d 434, 437-45 (11th Cir. 1994).  That test is a more complicated creature than the factors used by courts in cases brought only under the FLSA.  The factors found in *Atenor* and *Aimable* are an amalgamation of the three *Welch* considerations, five regulatory factors promulgated by the U.S. Department of Labor concerning the MSAWPA (found at 29 C.F.R. § 500.20(h)(4)(ii)), and several "other" factors relevant to the MSAWPA that are probative only on a case-by-case basis.  *See Aimable*, 20 F.3d at 443-45.  ESS has not cited to any binding case law that stands for the proposition that the regulatory factors regarding the MSAWPA should be imported to a case, such as the present action, in which there are only FLSA claims.  Also, this court has been unable to find such a case.  In the absence of binding authority to the contrary, therefore, this court will apply the *Welch* factors.

Viewing the allegations of Plaintiffs' Complaint in light of the *Welch* factors, the court concludes that Plaintiffs are entitled to survive ESS's Motion to Dismiss as to their FLSA claims.  According to Plaintiffs, ADDS was purchased by ESS in 2008.

17

A reasonable inference can be drawn that the ADDS property where Plaintiffs were employed was included within such a sale. *See Welch*, 57 F.3d at 1011. Certainly, drawing that inference is consistent with construing any doubts about the facts in a light most favorable to Plaintiffs. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (noting that a court must construe the allegations in a plaintiff's complaint "in the light most favorable to the plaintiff" when ruling on a Rule 12(b)(6) motion to dismiss). Therefore, the first *Welch* factor is met at this juncture. Also, as noted above, during the time period from September 24-26, 2008, ESS allegedly exerted control over Plaintiffs, thus satisfying the second *Welch* factor. *See Welch*, 57 F.3d at 1011. Based on the allegations that ESS inquired, on September 24, 2008, whether Plaintiffs would continue to work for ESS, Plaintiffs informed an ESS manager of their resignation, and ESS informed Plaintiffs as to the method of delivery of their final paycheck, this court concludes that the third and final *Welch* factor is satisfied. *Id.* ESS allegedly had the authority to hire Plaintiffs and to modify the conditions of their employment. Accordingly, at this stage of the proceedings where Plaintiffs' allegations of fact are taken as true and no evidence has been considered by this court, the court finds that ESS was Plaintiffs' joint employer from September 24-26, 2008. Therefore, the Motion to Dismiss is due to be **DENIED** as to the FLSA

claims asserted against ESS.[9]

## B.  Plaintiffs' breach of contract claim against ESS

ESS contends that Plaintiffs breach of contract claim is due to be dismissed. This court agrees.  Plaintiffs did not respond in any way whatsoever to ESS's arguments that their breach of contract claim should be dismissed as to that Defendant.  Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 260 (1st Cir.1999) (declaring that a "party who aspires to oppose a ... motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant).  Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust,* 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").  Accordingly, Plaintiffs' decision not

---

[9] This decision does not preclude ESS from raising the issue of whether it was Plaintiffs' joint employer in a future motion for summary judgment.

to respond to the motion is at their peril. In light of that omission, Plaintiffs have waived any arguments that could have been raised, but that were not. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument).

Nevertheless, Plaintiffs have not alleged sufficient facts to support a breach of contract claim against ESS. With regard to the breach of contract claim against ESS, the Complaint contains only the following conclusory charge, found within the breach of contract count itself: "[a]n employment contract existed between the plaintiffs and defendants . . . [and] defendants breached their employment contract with the plaintiffs when the defendants failed to pay the plaintiffs for work performed by them at agreed rates." (doc. 1, p.10). In contrast, the Complaint sets out detailed allegations regarding Plaintiffs contracts with ADDS and Thuss. There is no specific mention of any contracts with ESS nor is there an allegation that ESS stepped into the shoes of ADDS and Thuss for purposes of any existing contracts when it allegedly purchased ADDS in 2008. The "shotgun" style, vague assertion that lumps together the alleged conduct of all Defendants does not meet the standards of *Twombly* and *Ashcroft* with regard to a breach of contract claim against ESS. Consequently, the breach of contract claim against ESS cannot survive a motion to dismiss.

Accordingly, ESS's Motion to Dismiss is due to be **GRANTED** as to Plaintiffs' breach of contract claim.[10]

## III.   Conclusion and Order

Consistent with the foregoing discussion, the court **ORDERS** as follows:

(1)   Plaintiffs' Motion to Dismiss the Counterclaims and Third Party Claims of Defendants ADDS and Thuss for Lack of Jurisdiction (doc. 9) is **GRANTED IN PART**.   The counterclaim for conversion is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.   The motion is otherwise **DENIED**.

(2)   Defendant ESS's Motion to Dismiss or Alternatively for Summary Judgment (doc. 26) is **DENIED** insofar as ESS requests that the motion be treated as one for summary judgment.   The motion has been considered as a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6).   So considered, it is **GRANTED IN PART**. Plaintiffs' claim for breach of contract against ESS is hereby

---

[10] ESS alternatively argues that Plaintiffs' breach of contract claim is preempted by the FLSA as to all Defendants.   It is not.   The FLSA does not preempt a state law breach of contract claim that seeks to recover wages for time that is compensable under contract but not under the FLSA.   *See Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1347-48 (11th Cir. 1994).   Plaintiffs are permitted, in such situations, to advance a breach of contract claim as an alternative theory of liability.   *Id.*   Based on the allegations of Plaintiffs' Complaint, such is the case here.

**DISMISSED   WITH   PREJUDICE**.    The   motion   is   otherwise

**DENIED**.

The claims that remain are Plaintiffs'  FLSA claims against all Defendants and

Plaintiffs' breach of contract claims against Defendants ADDS and Thuss.   The

counterclaims asserted by Defendants / Counterclaim Plaintiffs ADDS and Thuss that

remain are for breach of contract against Plaintiffs / Counterclaim Defendants.

**DONE** and **ORDERED** this 29th day of January, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge